UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
PEOPLE OF THE STATE OF NEW YORK,

               Plaintiff,

               - against -

HILARY BEST,

               Defendant.
---------------------------------------------------------------X

**REMAND ORDER**

**14-CV-3634 (NGG) (SMG)**

NICHOLAS G. GARAUFIS, United States District Judge:

On June 5, 2014, Defendant Hilary Best ("Petitioner" or "Best"), appearing pro se, filed a petition seeking to remove a criminal proceeding, People of the State of New York v. Hilary Best, 2014 QN 17544 (Indictment No. 768/2014), filed in the Criminal Court of the City of New York, Queens County. (Notice of Pet. for Removal ("Pet.") (Dkt. 1).) Petitioner's request to proceed in forma pauperis ("IFP") is granted solely for the purpose of this Order.[1] The court has examined the Petition as required by 28 U.S.C. § 1455(b)(4). For the reasons set forth below, the court determines that removal is inappropriate and directs the Clerk of Court to remand the action to the Criminal Court of the City of New York, Queens County. Petitioner is also warned against future frivolous filings.

**I. DISCUSSION**

    **A. Standard for Removal**

---

[1] By letter filed August 7, 2014 (Dkt. 5), Petitioner objected to the application of the Prisoner Litigation Reform Act of 1995 ("PLRA") to this action on the basis that it is a criminal, not a civil, action. See 28 U.S.C. § 1915(b). Without reaching this question, Petitioner may proceed IFP for the limited purpose of this Order, without submitting a § 1915(b) Prisoner Authorization form.

1

Because removal to federal court deprives the state court of jurisdiction, "[d]ue regard for the rightful independence of state governments requires that federal courts scrupulously confine their own jurisdiction to the precise limits which the statute has defined." Finley v. United States, 490 U.S. 545, 552-53 (1989) (citations and brackets omitted). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute[s] narrowly, resolving any doubts against removability." Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)).

The removing defendant has the burden of establishing that a case is within the federal court's removal jurisdiction. Irving Trust Co. v. Century Exp. & Imp., S.A., 464 F. Supp. 1232, 1236 (S.D.N.Y. 1979) (citing Shamrock Oil, 313 U.S. at 108-09). "An effective petition for the removal of a state action to federal court must allege a proper basis for the removal under sections 1441 through 1445 of Title 28." Negron v. New York, No. 02-CV-1688, 2002 WL 1268001, at *1 (E.D.N.Y. Apr. 1, 2002) (Raggi, J.); see also 28 U.S.C. § 1455(b)(4) ("If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.").

Section 1443(1)[2] provides for removal of civil actions or criminal prosecutions commenced in state court if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). A party removing an action

---

[2] The other provisions of 28 U.S.C. §§ 1441-1444 are clearly inapplicable here. Section 1441 applies only to civil actions; sections 1442, 1442a, and 1443(2) generally apply only to criminal prosecutions of federal officers or entities, or military personnel; and section 1444 applies only to foreclosure actions brought against the United

2

pursuant to 28 U.S.C. § 1443(1) must satisfy a two-part test established by the Supreme Court in Georgia v. Rachel, 384 U.S. 780 (1966). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (quoting Rachel, 384 U.S. at 792). As the Supreme Court explained,

> [w]hen the removal statute speaks of "any law providing for equal rights," it refers to those laws that are couched in terms of equality, such as the historic and the recent equal rights statutes [e.g., the Civil Rights Act of 1964], as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of bestowing them upon all.

Rachel, 384 U.S. at 792. "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." Johnson, 421 U.S. at 219. In addition, the removing party must show that the federal law at issue "confer[s] on [him] the right to engage in the specific conduct with which [he was] charged." Johnson, 421 U.S. at 222 (noting that the criminal trespassing charge at issue in Rachel was dispensed for attempting to obtain service at a place of public accommodation, conduct explicitly protected by the Civil Rights Act of 1964); cf. Negron, 2002 WL 1268001, at *1 (finding petitioner could not claim that "a federal law legalize[d] the murder with which he [was] charged").

Second, it must appear on the face of the notice

> [t]hat the removal petitioner is "denied or cannot enforce" the specified federal rights "in the courts of (the) State." This provision normally requires that the "denial be manifest in a formal expression of state law," such as a state legislative or constitutional provision, "rather than a denial first made manifest in the trial of the case."

---

States.

Johnson, 421 U.S. at 219 (quoting Rachel, 384 U.S. at 799, 803); see also Varricchio v. Cnty. of Nassau, 702 F. Supp. 2d 40, 68-69 (E.D.N.Y. 2010).

In light of the narrow circumstances under which removal is appropriate pursuant to § 1443(1), remand clearly is required here. In support of removal, Petitioner argues that his criminal charges were contrived by "Queens County judicial and court personnel" in an effort to "suppress[] . . . ethical violations o[f] the Supreme Court Justice Duane Hart and illegal financial collection procedures . . . of the New York City Department of Finance Parking Violations Bureau." (Pet. ¶ 2.) This does not suffice. See Johnson, 421 U.S. at 219 ("[T]hat the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1)."). Nowhere in his Petition does Best allege a civil rights violation "in terms of racial equality," as is required to remove a criminal action to federal court.[3] Nor does he demonstrate that a federal civil rights law directed toward racial equality protects his right to engage in the conduct with which he was charged. (See Pet., Exs. B, C.) Moreover, Petitioner fails to indicate that he would be precluded from enforcing any of his constitutional rights in state court. Therefore, since the Petition does not allege a proper basis for the removal, the action must be summarily remanded to state court. See 28 U.S.C. § 1455(b)(4).

Further, to the extent that Petitioner challenges the State's authority to prosecute him and seeks this court's intervention, the court will not intervene in an ongoing state criminal matter. See Younger v. Harris, 401 U.S. 37, 43-45 (1971) (federal courts should generally refrain from enjoining or otherwise interfering in ongoing state criminal proceedings); Shelley v. Gulotta, No.

---

[3] Best's invocation of the Thirteenth Amendment (see Pet. ¶ 6) does not allege any violation of his federal rights in terms of racial equality. Instead, he alleges that his pretrial detention violates the Thirteenth Amendment because the indictment insufficiently alleges "facts in support of the material elements of the offenses charged as mandated

09-CV-4883 (NGG), 2010 WL 309011, at *1-2 (E.D.N.Y. Jan. 26, 2010) (abstaining under Younger because "there is an ongoing state criminal prosecution against Plaintiff," "that state proceeding implicates New York State's important interest in enforcing its own criminal laws," and "Plaintiff will have adequate opportunity for judicial review of his federal constitutional claims in state court").

B.   **Filing Injunction Warning**

Petitioner is no stranger to this court, having filed fourteen previous actions, two of which are pending, see Best v. Barbarotta, No. 12-CV-6218 (NGG) (E.D.N.Y.), and Best v. Schecter, No. 12-CV-6142 (NGG) (E.D.N.Y.), but most of which have been dismissed. See Best v. Monaco, No. 09-CV-5260 (NGG) (E.D.N.Y. Apr. 5, 2010) (Dkt. 11) (civil rights complaint dismissed for failure to state a claim); Best v. Leibowitz, No. 08-CV-4686 (NGG) (E.D.N.Y. Nov. 26, 2008) (Dkt. 3) (civil rights complaint dismissed for failure to state a claim); Best v. Zayas, No. 07-CV-3841 (ERK) (E.D.N.Y. Sept. 14, 2007) (Dkt. 4) (civil rights complaint dismissed as frivolous); Best v. Paynter, No. 06-CV-6774 (ERK) (E.D.N.Y. Jan. 25, 2007) (Dkt. 4) (civil rights complaint dismissed because defendants were immune from monetary relief); Best v. Queens Cnty. Criminal Court, No. 05-CV-147 (ERK) (E.D.N.Y. Jan. 12, 2005) (Dkt. 4) (habeas corpus petition dismissed because Best was not in custody pursuant to a state court judgment); Best v. N.Y.S. Div. of Parole, No. 00-CV-1369 (ERK) (E.D.N.Y. Jan. 31, 2001) (Dkt. 20) (complaint dismissed for failure to state a claim); Best v. Phoenix, No. 95-CV-3668 (ERK) (E.D.N.Y. Sept. 26, 1995) (case closed); Best v. Kane, No. 95-CV-3585 (ERK) (E.D.N.Y. May 10, 1996) (Dkt. 29) (habeas corpus petition denied); Best v. Kelly, No. 91-CV-

---

by [New York Criminal Procedure Law] § 200.50." (Id.)

2638 (CPS) (E.D.N.Y. Nov. 21, 1991) (Dkt. 13) (habeas corpus petition denied); Best v. Clinton Corr., No. 89-CV-3407 (CPS) (E.D.N.Y. Oct. 24, 1990) (case closed); Best v. Mullett, No. 89-CV-3036 (CPS) (E.D.N.Y. June 20, 1990) (case closed). One of Petitioner's actions in this court was settled alongside four actions he filed in the New York State Court of Claims. See Best v. Nurse, No. 99-CV-3727 (JBW) (E.D.N.Y. Jan. 17, 2002) (Dkt. 30).

The opportunity to litigate IFP is regarded as a privilege and may be denied if abused. In re Anderson, 511 U.S. 364 (1994); In re Sindram, 498 U.S. 177, 179-80 (1991) ("In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny *in forma pauperis* status to those individuals who have abused the system."); Polanco v. Hopkins, 510 F.3d 152, 156 (2d Cir. 2007) (noting that the opportunity to proceed IFP "is not a constitutional right, but rather a congressionally created benefit" (internal quotation marks omitted)). The Second Circuit has held that a district court not only has the authority, but also the obligation, to deny this benefit to a litigant who has a demonstrated history of filing frivolous and vexatious claims. See In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."), modified sub nom. Martin-Trigona v. Cohen, 876 F.2d 307 (2d Cir. 1989). The Second Circuit has upheld the district court's authority to issue a filing injunction when a litigant "abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings," with the caveat that the litigant must be provided with notice and a reasonable opportunity to respond. Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam) (internal quotation marks and citations omitted); see

also Pandozy v. Tobey, 335 F. App'x 89, 92 (2d Cir. 2009) (summary order); Williams v. N.Y.C. Hous. Auth., No. 06-CV-5473 (NGG), 2008 WL 5111105, at *5 (E.D.N.Y. Dec. 4, 2008).

The court hereby warns Petitioner that it will not tolerate frivolous litigation and that if Petitioner persists in filing frivolous or vexatious actions, the court may enter an order barring the acceptance of any future IFP complaint for filing without first obtaining leave of the court to do so. See 28 U.S.C. § 1651.

## II. CONCLUSION

Accordingly, as there is no statutory authority for the removal of Petitioner's criminal prosecution, his case is REMANDED pursuant to 28 U.S.C. § 1455(b)(4) to the Criminal Court of the City of New York, Queens County. The Clerk of Court is respectfully directed to immediately send a certified copy of this Order to the Clerk of the Criminal Court of the City of New York, Queens County, 125-01 Queens Boulevard, Kew Gardens, New York, 11415, and to close the case in this court. See 28 U.S.C. § 1447(c). Furthermore, the court has notified Petitioner that if he brings any more frivolous IFP actions, the court may enter an order barring Petitioner from filing future IFP complaints without first obtaining leave of the court to do so. See 28 U.S.C. § 1651. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
October _1b_, 2014

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

7